UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DETRA H.,<br><br>                         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>                        Defendant. | Case No.: 3:22-cv-01162-AHG<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 3]** |

### I.     BACKGROUND

On August 5, 2022, Plaintiff filed a Complaint seeking judicial review of the administrative decision denying her application for Social Security disability insurance benefits. ECF No. 1. Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 3.

### II.     LEGAL STANDARD

A motion to proceed *in forma pauperis* ("IFP") presents two issues for the Court's consideration. First, the Court must determine whether the applicant has properly shown an inability to pay the $400 filing fee under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, each applicant seeking to proceed IFP must provide the Court a signed affidavit including a statement of all the applicant's assets.

CivLR 3.2(a). Second, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must evaluate whether the Complaint sufficiently states a claim upon which relief may be granted before the Complaint is served. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

### III. DISCUSSION

#### A. Motion to Proceed IFP

A person need not be absolutely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To meet the requirements of 28 U.S.C. § 1915(a), "[] an affidavit is sufficient which states that one cannot because of [her] poverty 'pay or give security for the costs . . . and still be able to provide' [herself] and dependents 'with the necessities of life.'" *Adkins*, 355 U.S. at 339 (internal quotations omitted). To establish poverty, the facts must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). District courts must exercise their discretion and evaluate a person's poverty based upon available facts. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) *rev'd on other grounds*, 506 U.S. 194 (1993).

Plaintiff's IFP Motion (ECF No. 3) contains a sworn statement consisting of her income and assets. According to her sworn statement, Plaintiff's income consists of only $200 per month in CalFresh public assistance payments. *Id.* at 1-2. Plaintiff reports she has $12.00 in her checking account, and her only asset is a motor vehicle worth $4,050. *Id.* at 2-3. Based on this information, the Court finds Plaintiff has met the required showing of indigence under Section 1915(a), and that she is unable to pay the $400 filing fee.

#### B. Screening under 28 U.S.C. § 1915(e)

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be

granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to Fed. R. Civ. P. 8). When a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the Court must either dismiss a portion, or the entirety of the complaint. *Twombly*, 550 U.S. at 547; *Hoagland*, 2012 WL 2521753, at *1.

For example, in social security cases, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL

1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3 (dismissing conclusory complaint in IFP screening process for failure to state a plausible claim for relief due to insufficient factual allegations).

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, Plaintiff appeals the Commissioner's denial of her benefits application pursuant to 42 U.S.C. § 405(g) on the grounds that: (1) the Administrative Law Judge ("ALJ") did not state clear and convincing reasons for rejecting the symptom and limitation testimony that Plaintiff could not maintain employment due to anxiety and panic attacks, and that she would be off-task for 25% of the day; (2) the ALJ did not properly weigh the medical evidence indicating that Plaintiff had additional limitations, as documented in treatment notes; (3) the ALJ's finding that Plaintiff is able to perform work is not supported by substantial evidence, because the occupations identified as ones she can perform at step five of the ALJ's sequential evaluation process conflict with the Dictionary of Occupational Titles; (4) the ALJ erred in accepting obsolete occupations from the vocational expert; and (5) new and material evidence establishes greater limitations than those assessed by the ALJ. ECF No. 1 at 3. The Court finds these allegations sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

### IV.   CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** the IFP Motion (ECF No. 3). In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and her Complaint (ECF No. 1). Once Plaintiff receives this "IFP Package," the Court **ORDERS**

her to complete the Form 285 and forward all documents in the package to the USMS. Upon receipt, the USMS will serve a copy of the Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service.

**IT IS SO ORDERED.**

Dated: August 10, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge